Dear Judge Perez:
You have requested from our office an interpretation of LSA-R.S.14:136 Public salary extortion which states:
 Public salary extortion is committed when any person shall:
 (1) Solicit or receive, or attempt to solicit or receive, either directly or indirectly, the payment of any money or other thing of value from any public officer or public employee to himself or any other person or political organization, through any means or form whatsoever and for any purpose whatsoever, when such payment is obtained or solicited upon suggestion or threat that the failure to make such payment shall result in the loss or impairment of value to such officer or employee of his office of employment, or when such payment shall be a reward remuneration for securing such office or employment; and proof that such payments were collected from or paid by such officers or employees on a uniform or progressive percentage or amount basis, shall be presumptive evidence that payments were made under duress or upon the considerations set forth hereinbefore; or
 (2) Solicit or receive or attempt to solicit or receive, either directly or indirectly, the contribution of any money or other thing of value for any general, primary or special election or for any other political purpose, from any person holding any office or employment for remuneration or profit, including those persons who work on a commission basis, with the state, who receive a remuneration of two hundred dollars per month or less from such employment; provided that this Subdivision shall not apply where the person solicited or whose contribution was received was an elective public officer or a candidate for any elective public office.
 Whoever commits the crime of public salary extortion shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
In the case of State v. Cannon, 383 So.2d 389
(attached) the essential elements of public salary extortion are defined and discussed. Specifically it states that these elements include:
 (1) Solicitation or receipts, or attempted solicitation or receipt;
 (2) of money or things of value from a public officer or employee;
 (3) either upon suggestion or threat that failure to pay will result in loss of impairment of value of the employment, or when the payment is given as a reward or remuneration for securing the employment.
This case set out the point that it is not necessary that the evidence show that an overt threat be made by the accused when it stated:
 Among the seven witnesses called by the State were six employees of defendant's office. None of the State's witnesses testified to overt threats by defendant. However, defendant did ask the supervisors in his office to contribute a full month's salary and the assistants to contribute a half month's salary, promising that those who helped him would be helped in turn. When one employee asked what he meant, he replied ". . . Through evaluations when evaluation time came." (Tr. 89) According to another witness: "He said that he would give us a raise to make up any contribution to the pledge." (Tr. 133) This employee was told to speak to others and ". . . remind them that evaluation time was coming up and it would be appreciated." (Tr. 133-134) The witness said: I was to report before January 15 which employees did or did not pledge." (Tr. 160).
 By mentioning the upcoming quarterly evaluations and their concomitant raises when discussing campaign contributions, Cannon gave the clear impression that there would be no raises unless the recommended month's salary or half month's salary was contributed to the campaign fund. The words were spoken in the context of an employer-employee relationship and the reasonable conclusion is that they were intended to intimidate. Although some witnesses testified that they felt no compulsion to contribute, other employees said they assumed that if they contributed they would receive raises.
I have attached the cited case and applicable laws to this opinion and I hope this addresses your concerns. If you need further assistance please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ROLAND J. DARTEZ ASSISTANT ATTORNEY GENERAL
RPI/RJD/pb rjd/opinions/ 95-338
DATE RECEIVED:
DATE RELEASED: